IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON ALCANTARA,<br>LUIS ROBERTO RUIZ VELASQUEZ,<br>and RAYMUNDO HERNANDEZ<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>DURAN LANDSCAPING, INC. (d/b/a<br>"DURAN LANDSCAPING & HARDSCAPING,<br>LLC" and "DURAN'S LANDSCAPING, LLC")<br><br>　　　　　　　　　Defendant. | CIVIL ACTION<br><br>No._____<br><br>FILED ELECTRONICALLY<br>ON SEPTEMBER 2, 2021 |

## COMPLAINT

Byron Alcantara ("Alcantara"), Luis Roberto Ruiz Velasquez ("Ruiz"), and Raymundo Hernandez ("Hernandez") (collectively "Plaintiffs") bring this lawsuit against Duran Landscaping, Inc. (d/b/a "Duran Landscaping & Hardscaping, LLC" and "Duran's Landscaping, LLC") ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Alcantara resides in Eddington, PA (Bucks County).

5. Ruiz resides in Philadelphia, PA (Philadelphia County).

6. Hernandez resides in Bensalem, PA (Bucks County).

7. Defendant is a corporate entity registered to do business in the Commonwealth of Pennsylvania and maintaining a principal place of business in Trevose, PA (Bucks County).

8. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

9. Plaintiffs are employees of Defendant covered by the FLSA and PMWA.

10. Defendant is an employer of Plaintiffs covered by the record-keeping, minimum wage, wage payment, and overtime mandates of the FLSA and the PMWA.

## FACTS

11. Alcantara was employed by Defendant from approximately 2014 until February 2020.

12. Ruiz was employed by Defendant from approximately June 2016 until March 2020.

13. Hernandez was employed by Defendant from approximately 2014 until June 2020.

14. During the relevant period, Defendant paid Alcantara an hourly rate of approximately $23.50.

15. During the relevant period, Defendant paid Ruiz an hourly rate of approximately $17.00.

16. During the relevant period, Defendant paid Hernandez an hourly rate of approximately $17.00.

17. Throughout their employment, Plaintiffs were not exempt from the mandates of the

FLSA and the PMWA.

18. Defendant required Plaintiffs to work long hours. Specifically, Plaintiffs regularly worked over 60 hours per week and often worked over 70 hours per week.

19. Defendant did not pay Plaintiffs any overtime premium pay for hours worked over 40 per week. Instead they were just paid their regular hourly rate for all hours worked.

## COUNT I
### (Alleging FLSA Violations)

20. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

21. Defendant violated the FLSA by failing to pay Plaintiffs overtime premium compensation for hours worked over 40 per week.

22. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

23. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

24. Defendant violated the PMWA by failing to pay Plaintiffs overtime premium compensation for all hours worked over 40 per week.

## PRAYER FOR RELIEF

Plaintiffs seek the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date:  September 2, 2021                    Respectfully,

s/ Michelle Tolodziecki
Peter Winebrake (PA 80496)
R. Andrew Santillo (PA 93041)
Mark J. Gottesfeld (PA 307752)
Michelle Tolodziecki (PA 329470)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiffs' Counsel*