## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BYRON ALCANTARA, et al.,** | Case No. 2:21-cv-03947-JDW |
| *Plaintiffs,* | |
| v. | |
| **DURAN LANDSCAPING, INC.,** | |
| *Defendant.* | |

### <u>MEMORANDUM</u>

Ronald Reagan described the nine most terrifying words in the English language: "I'm from the Government, and I'm here to help."[1] As federal judges, we are not immune from the possibility that our "help" will make things worse, not better, for the parties before us. So it is with courts' requirement that they approve individual settlements under the Fair Labor Standards Act. Many courts start with the proposition that they will "help" plaintiff-employees by ensuring that settlements are fair and reasonable. In reality, those plaintiff-employees, represented by able counsel, are equipped to make that decision for themselves. And the "help" that we courts offer—a settlement approval process—drives up litigation costs in small-value cases, makes settlement more difficult, and delays the disbursement of unpaid wages to FLSA plaintiffs. Nor is it clear that the help that courts

---

[1] President Ronald Reagan, Press Conference (Aug. 12, 1986) (transcript available at https://www.reaganfoundation.org/media/128648/newsconference2.pdf).

offer is worth all that much. Most of the time, courts have very little to add to the settlements that parties present. Sometimes we nibble around the edges, modifying confidentiality provisions or making other minor changes. But rarely does this procedural burden yield anything of value to the parties trying to settle.

The problem is that, because judges (this Court included) have convinced themselves that they can help the parties before them, they lose sight of the plain language of Federal Rule of Civil Procedure 41. By allowing parties to dismiss their claims at any time, and without court action, that rule gives effect to the bedrock principle of American courts that public policy favors private settlements of civil litigation. *See, e.g., F.T.C. v. Actavis, Inc.*, 570 U.S. 136, 153 (2013); *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594 (3d Cir. 2010). To stay true to Rule 41's language, it is incumbent on courts to avoid throwing up procedural hurdles to settlement. The rule requiring prior court approval of an FLSA settlement is an example of just such a procedural hurdle. The rule has no support in the FLSA's text; it is a judge-made rule that makes litigation slower and more expensive and is at odds with the text of Rule 41. For the reasons below, the Court will assume that employees represented by counsel can decide for themselves whether to settle a case, and the Court will not continue to be an impediment to settlement in these cases.

## I.    BACKGROUND

Duran Landscaping, Inc. employed Plaintiffs Byron Alcantara and Raymundo Hernandez from 2014 to 2020, and Plaintiff Luis Roberto Ruiz Velasquez from 2016 to

2020. On September 2, 2021, Plaintiffs filed a complaint alleging that they regularly worked between sixty and seventy hours per week and that Duran Landscaping violated the FLSA and the Pennsylvania Minimum Wage Act because it failed to pay overtime premiums. On December 14, 2021, Plaintiffs informed the Court that the Parties settled. As is customary, Plaintiffs asked the Court to approve their settlement. Given the small size of the matter, Plaintiffs requested a phone call rather than formal briefing on the settlement.

The Court *sua sponte* raised the question of whether it had to approve the settlement. The Court invited briefs, and Plaintiffs submitted one. (*See* ECF No. 16.) It also invited a submission from the United States Department of Labor, and the DOL submitted a letter. (*See* ECF No. 19.) The issue is ripe for decision.

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(a)(1)(A) permits a plaintiff to dismiss a case voluntarily, without a court order, with the exception of cases that are "[s]ubject to Rule 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A). Rules 23(e), 23.1(c), 23.2, and 66 do not apply to individual FLSA actions, so parties to those cases can dismiss their claims voluntarily, without a court order, unless the FLSA is an "applicable federal statute." It is not.

A "cardinal canon of statutory interpretation [is] that a court must begin with the statutory language." *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010),

as amended (May 7, 2010). "When the words of a statute are unambiguous, then this first canon is also the last: judicial inquiry is complete." *Id.* (quoting *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992)). So the Court begins, as it must, with the text of Rule 41 and the FLSA. *See Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017). The same rules of construction apply to the Federal Rules of Civil Procedure. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 726 F.3d 403, 408 (3d Cir. 2013) (citing *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989)).

The FLSA includes a private right of action against any "employer who violates" the overtime and minimum wage provisions of the statute. 29 U.S.C. § 216(b). The statute permits the Secretary of Labor to file a case and administer a settlement. *See* 29 U.S.C. § 216(b)–(c). Neither those provisions nor any other part of the FLSA requires a court to approve a settlement between an individual plaintiff and an employer, a fact that other courts have noted. *See, e.g., Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 403 (2d Cir. 2019); *Horton v. Right Turn Supply, LLC*, 455 F. Supp.3d 202, 205 (W.D. Pa. 2020) (citing *Fails v. Pathway Leasing LLC*, No. 18-CV-00308, 2018 WL 6046428, at *2 (D. Colo. Nov. 19, 2018)).

A court should not "lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply." *Jama v. Immigration and Customs Enforcement*, 543 U.S. 335, 341 (2005). That is particularly true where Congress has shown that it knows how to include the relevant language. *See id.* When Congress adopted the

FLSA in 1938, Congress had included language in other statutes that required court approval of a settlement. For instance, the 1937 version of 8 U.S.C. § 164 read, "[n]o suit or proceeding for a violation of the provisions of this subchapter shall be settled, compromised, or discontinued without the consent of the court in which it is pending, entered of record, with the reasons therefor."[2] At the same time, 31 U.S.C. § 232 (which is now 31 U.S.C. § 3730) read "[s]uch suit may be brought and carried on by any person, as well for himself as for the United States . . . but shall not be withdrawn or discontinued without the consent, in writing, of the judge of the court and the district attorney, first filed in the case, setting forth their reasons for such consent."[3] The fact that Congress knew how to include provisions requiring approval of settlements, but did not include that language in the FLSA, indicates that Congress did not intend to require courts to approve FLSA settlements.

The absence of language requiring courts to approve a settlement leads the Court to conclude that the FLSA is not an "applicable federal statute" under Rule 41, at least if the case is not a collective action. (A collective action might be different in important respects and so might require court approval to protect opt-in plaintiffs who have not been as involved in the case.) Several courts' analysis is in accord, and the Court finds them persuasive. *See, e.g., Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 257 (5th Cir. 2012) (enforcing FLSA settlement that had neither court nor Secretary of Labor

---

[2] Available at https://heinonline.org/HOL/P?h=hein.uscode/usc1934001&i=247.
[3] Available at https://heinonline.org/HOL/P?h=hein.uscode/usc1934001&i=1423.

approval); *Fails*, 2018 WL 6046428, at *3; *Lawson v. Procare CRS, Inc.*, No. 18-CV-00248-TCK-JFJ, 2019 WL 112781, at *3 (N.D. Okla. Jan. 4, 2019); *see also Horton*, 455 F. Supp.3d at 205 ("the Court isn't so sure its approval is needed here").

The DOL argues that Section 216(c) of the FLSA and the Portal-to-Portal Act render the FLSA an applicable federal statute under Rule 41, but the Court disagrees. *First*, Section 216(c) doesn't support the argument that FLSA settlements require court approval; it weakens that argument. Section 216(c) gives DOL the power to file FLSA actions and then to supervise the payment of unpaid wages under the statute. *See* 29 U.S.C. § 216(c). That provision is yet another example of Congress's knowledge about how to empower supervision of settlements. Yet Congress did not include any similar provision in Section 216(b), which authorizes private lawsuits under the FLSA. That absence is telling, and the Court will not assume that by discussing DOL in Section 216(c), Congress also meant to require judicial approval of settlements in Section 216(b). *See Mei Xing Yu*, 944 F.3d at 409 (Section 216(c) only discusses the role of DOL).

*Second*, the Portal-to-Portal Act does not impose the requirement that DOL suggests. The Act permits an employee to "compromise" certain FLSA claims that accrued prior to May 14, 1947. *See* 29 U.S.C. § 253(a). DOL argues that because the Act permits the compromise of claims before that date, it must bar claims after that date. But the statutory language does not say that; DOL asks the Court to imply that restriction. The Court does not read the Portal-to-Portal Act that way. Congress's factual findings

accompanying the Act demonstrate Congress's concern that judicial interpretations of the FLSA's substantive provisions had caught some employers by surprise and exposed them to potentially ruinous liability. *See* 29 U.S.C. § 251(a). So, to address that problem, Congress immunized conduct that predated May 14, 1947 (29 U.S.C. § 252), permitted the compromise of claims that had accrued prior to that date (29 U.S.C. § 253), and excluded from the FLSA's coverage time spent in transit from an office to a worksite or other related activities (29 U.S.C. § 254). Congress also addressed employers' ability to rely on regulatory guidance that predated the enactment of the Portal-to-Portal Act. 29 U.S.C. § 258. Taken together, these statutory sections demonstrate that Congress's focus in adopting the Portal-to-Portal Act was the application of the substance of the FLSA for the period from its adoption until May 1947. Nothing about the Act's structure or language suggests that Congress intended to place the FLSA within the scope of an "applicable federal statute" under Rule 41 or otherwise to restrict the compromise of individual FLSA actions after May 1947.

The Court recognizes that its decision is a bit of an outlier in authorizing parties to dismiss FLSA claims voluntarily. The only court that has addressed the interplay of Rule 41 and the FLSA head-on is the Second Circuit. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). In *Cheeks*, the Second Circuit held that the FLSA is an "applicable statute" under Rule 41, but it did not base its decision on the text of Rule 41 or the FLSA. Instead, it rested on "unique policy considerations underlying the FLSA." *Id.*

at 206. The Second Circuit reasoned that without court approval of settlements it was possible for Parties to include "highly restrictive confidentiality provisions," overbroad releases of FLSA claims, and too-high attorney's fees in their settlements. *Id.*

This Court, respectfully, disagrees with its analysis. "Congressional intent is discerned primarily from the statutory text." *CTS Corp. v. Waldburger*, 573 U.S. 1, 12 (2014). And policy cannot overcome the text of a statute. *See Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 134 (2015). The Court is mindful of concerns about unfair settlements, particularly in the context of settlements between employers and employees. But there are strong policy reasons on both sides of this issue, and several weigh against requiring courts to approve FLSA settlements. *First*, the requirement of court approval slows the resolution of FLSA settlements and, by extension, the payment of wages to plaintiffs. *Second*, the requirement requires lawyers to expend more time and to seek higher fees to resolve small cases. Where possible, the law should avoid forcing lawyers to do work that is disproportionate to the size of the case. *Third*, the requirement forces federal courts to do work that Congress did not require of them. Necessarily, that work delays the resolution of other cases. *Fourth*, a requirement of court approval could force a risk-averse employer to demand employees file suit before settling, rather than settling pre-suit. That would have the impact of adding transaction costs to the settlement and clogging court dockets. All of these concerns augur against a prudential rule that requires judicial approval of FLSA settlements between individual parties.

Other courts, including this Court, have required approval of an FLSA settlement. *See, e.g., Mejia v. KVK-Tech, Inc.*, No. 2:19-CV-04841-JDW, 2020 WL 5292074, at *2 (E.D. Pa. Sept. 4, 2020) (Wolson, J.); *Solkoff v. Pa. State Univ.*, 435 F. Supp.3d 646, 652–54 (E.D. Pa. 2020); *Kutz v. Cargill Cocoa & Chocolate, Inc.*, No. 3:19-cv-0176, 2019 WL 5457776, at *2 (M.D. Pa. Oct. 23, 2019). But as a rule, these decisions do not engage in any analysis of the FLSA's text. Instead, they rely on the Eleventh Circuit's decision in *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). It's not clear that *Lynn's Food* stands for the broad proposition that this Court and others have given it.

In *Lynn's Food*, an employer faced a DOL investigation. 679 F.2d at 1352. Unable to negotiate a settlement with DOL, the employer went to its employees and paid them to release any claims. *Id.* The employees had no counsel. *See id.* at 1354. The employer then sought a declaratory judgment that it could not be liable to DOL. *Id.* at 1351–52. The Eleventh Circuit refused that request and held that, other than a DOL supervised payment, "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

The facts in *Lynn's Food* are unique, and it is not clear its holding must sweep so broadly. The agreement between Lynn's Food and its employees was unreasonable: An

employer pressured employees to compromise—for a small sum—their right to overtime and minimum wages without lawyers or litigation. A court could elect not to enforce it based on traditional notions of contract law—such as duress and unconscionability—without requiring a broad rule that applied to all FLSA cases. And even the *Lynn's Food* court recognized that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.

*Lynn's Food* based its decision on the Supreme Court's decisions in *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) and *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946). *See Lynn's Food*, 679 F.2d at 1354. In each of those cases, the Supreme Court held that a plaintiff's release of FLSA claims was invalid because there was no bona fide dispute about whether the FLSA applied. *See Brooklyn Savings*, 324 U.S. at 703–04 & 713–14; *Gangi*, 328 U.S. at 114. These decisions hold only that if an employer settles an FLSA case without DOL or court approval, it runs the risk that a judge might hold some or all of the release invalid. But it's one thing to say certain settlements are, or might be, unenforceable. It is something else to say that once a party brings an FLSA suit, the FLSA bars them from taking the risk that their settlement will be unenforceable.

Employers weigh risks and settle before—and often to avoid—litigation for any number of reasons. An employer might be confident that a court will enforce a settlement because it is fair, reasonable, and involved a bona fide dispute. Or an employer might

conclude that the risk of subsequent suits is so small that settling the case without approval is worth the risk. Or maybe an employer decides that the risk of publicity and the cost of litigation outweighs the risk of a court holding a settlement unenforceable. *See Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp.2d 368, 371–72 (E.D.N.Y. 2013). These risk calculations don't change once an employee files suit. *See id.* The same reasons that might compel an employer to settle a dispute pre-suit could also lead an employer to settle once the suit has begun. If an employer wants to settle the case and take the risk that it may not be enforceable later, Rule 41 lets it do so.

If the Parties in this matter want to dismiss this case they may do so. However, while settlements do not need to be approved, there is nothing that prevents the Court from approving a settlement if the Parties request it. Other courts have reached the same conclusion, and the Courts find them persuasive. *See e.g., Horton*, 455 F. Supp.3d at 205; *Slaughter v. Sykes Enter., Inc.*, No. 17-CV-02038, 2019 WL 529512, at *6 (D. Colo. Feb. 11, 2019) (citation omitted). It is not clear which path the Parties before the Court want to take. They have neither filed a formal motion for settlement approval nor a Rule 41 stipulation to dismiss the case. Therefore, the Parties shall have two weeks to choose which path they wish to take.

III.     **CONCLUSION**

Parties to an FLSA suit can settle their claims out of court before they file a suit, and they can still do so once they file the suit. That is a risk Parties can choose, or decline, to take. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

July 12, 2022